**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TERRY KNUTSON, et al.,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| **v.** | § | |
| | § | **CASE NO. 3:17-CV-02618-M** |
| **DON HARRIS, CHARLES SHAW,** | § | |
| **MICHAEL K. WILSON, and** | § | |
| **ROBERT LUNA** | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS DON HARRIS, CHARLES SHAW, MICHAEL K. WILSON, AND
ROBERT LUNA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT WITH PREJUDICE AND BRIEF IN SUPPORT THEREOF**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Defendants Don Harris ("Harris"), Charles Shaw ("Shaw"), Michael K. Wilson ("Wilson"), and Robert Luna ("Luna") (collectively "Defendants") hereby move to dismiss Plaintiffs' First Amended Complaint ("FAC" or "Complaint") in its entirety, with prejudice, for the reasons set forth below.

## I.
## INTRODUCTION

1.      This is primarily a securities fraud case brought under § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5, and is thus subject to the heightened pleading requirements of the PSLRA. The PSLRA protects against opportunistic litigation by requiring plaintiffs to allege particularized facts that (i) explain how and why statements are false, (ii) demonstrate the basis for such belief, and (iii) raise a strong inference that individual defendants acted with the requisite intent, which is scienter. In the Fifth Circuit, scienter must involve knowing or deliberate misconduct or deliberate recklessness.

2.      This First Amended Complaint, like its predecessor, Plaintiffs' September 25, 2017 Original Complaint, lacks the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure in cases involving the serious accusation of fraud. The Amended Complaint's Section 10(b) fraud claim could have served as "Exhibit A" to the findings of Congress when it enacted the 1995 PSLRA:

> Naming a party in a civil suit for fraud is a serious matter. Unwarranted fraud claims can lead to serious injury to reputation for which our legal system effectively offers no redress. For this reason, among others, Rule 9(b) of the Federal Rules of Civil Procedure requires that plaintiffs plead allegations of fraud with "particularity". The Rule has not prevented abuse of the securities laws by private litigants … The House and Senate hearings on securities litigation reform included testimony on the need to establish uniform and more stringent pleading requirements to curtail the filing of meritless lawsuits.[1]

Apparently unfazed by what are now well-settled stringent pleading requirements, Plaintiffs nevertheless chose to impugn the Defendants reputations by filing their Complaint. Specifically, Plaintiffs fail to comply with the pleading requirements of Rule 9(b) and the PSLRA for the following reasons:

I.      The Complaint's central allegation about falsity do not allege particularized facts and, instead, impermissibly rely on "group" pleadings;

II.     The Complaint avers no specific time, place, or contents of any misstatement or omission, much less a material one by any of the Defendants;

III.    The Complaint avers no facts supporting any inference, much less a strong one, of scienter;

IV.     The Complaint avers no facts supporting justifiable reliance

V.      The Complaint fails to allege a causal connection between a statement or omission made by any of the Defendants and Plaintiffs' injury.

---

[1] H.R. Conf. Rep. No. 104-369 at 41 (1995).

3.      Plaintiffs also fail to plead – as they must – factual content sufficient to state a plausible claim for control person liability. As such, Plaintiffs' second claim against Defendants, alleging § 20(b) violations, should be dismissed.

4.      Moreover, because there is no private right of action under Section 15(a)(1) of the Exchange Act, the Plaintiffs' third claim against Defendants for unlawful offers and sales of securities by an unregistered broker should also be dismissed.

5.      Additionally, in their fourth claim, Plaintiffs have failed to plead that Defendants made untrue statements of material fact under the Texas Securities Act (TSA), and consequently their rescission claims must fail.

6.      Finally, because Plaintiffs use impermissible "group pleadings" in their fifth claim regarding an alleged conspiracy to defraud, it must also be dismissed.

7.      As mentioned above, this is Plaintiffs' second bite at the apple, and yet the Complaint is entirely deficient on every claim presented to this Court. Further amendment would be futile, and the dismissal of Plaintiffs' Complaint should be with prejudice to the refiling of same.

## II.
## BACKGROUND

8.      On September 25, 2017, Plaintiffs filed their Original Complaint against Defendants. On October 23, 2017, Plaintiffs' filed their First Amended Complaint ("FAC" or "Complaint"), and in this iteration, included Wireless Power, LLC ("WP") as a named Plaintiff.[2] On November 8, 2017, Plaintiffs dismissed Defendant Rick Randall with prejudice. (*See* Document 14, Stipulation of Dismissal with Prejudice of Defendant Richard Randall).

---

[2] In the Complaint, Plaintiffs' reference the Wireless Power private placement memorandum ("PPM"), a document that was drafted and distributed by Plaintiff Wireless Power. In ¶ 26 of the Complaint, Plaintiffs allege Defendants "promoted and marketed the membership units via a private placement memorandum … which they wrote or were

## III.
## ARGUMENT

### A.     The Standard of Review and Applicable Legal Principles

9.      To state a claim for securities fraud under § 10(b) of the Exchange Act and Rule 10b-5, a plaintiff must allege "specific facts, not conclusory allegations," demonstrating that a defendant (1) made a misstatement or omission (2) of a material fact (3) with scienter (4) on which the plaintiff justifiably relied and that (5) proximately caused the plaintiff's injuries. *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286-87 (5th Cir. 2006) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002) (emphasis in original))[3]. The failure to plead any one of these elements is fatal to a Section 10(b) claim.

10.      Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that fails to allege facts sufficient to "plausibly" state a claim for relief. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007). In addition, because "[s]ection 10(b) claims sound in fraud," a plaintiff must plead the Rule 10b–5 elements with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. *Coates v. Heartland Wireless Commc'ns, Inc.,* 26 F.Supp.2d 910, 914 (N.D.Tex.1998) (citing *Shushany v. Allwaste, Inc.,* 992 F.2d 517, 520–21 (5th Cir.1993)). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To support a viable securities fraud claim, plaintiffs must therefore:

> (1) Specify each statement alleged to have been misleading, i.e., contended to be fraudulent;
>
> (2) Identify the speaker;

---

responsible for…" Not only is this an egregious misstatement, it also attempts to glaze over the glaring conflict of interest present in this case, where a named Plaintiff played an integral part in the alleged "fraud" and "conspiracy" touted by Plaintiffs.
[3] *See also Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361-62 (5th Cir. 2004); 15 U.S.C. § 78u-4(b).

(3) State when and where the statement was made;

(4) Plead with particularity the contents of the false representations;

(5) Plead with particularity what the person making the misrepresentation obtained thereby; and

(6) Explain the reasons or reasons why the statement is misleading, i.e., why the statement is fraudulent.

*ABC Arbitrage*, 291 F.3d at 350.[4]  In other words, for each misleading statement, the Plaintiff must allege the "who, what, when, where, and how." *Id.* at 350. Where the complaint fails to specify the foregoing, the district court must dismiss the complaint. 15 U.S.C. § 78u–4(b)(3).

11.     The PSLRA further provides that securities fraud plaintiffs must, "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Conclusory allegations, unwarranted inferences, and mischaracterizations of actual statements do not meet a plaintiff's burden.  *See Melder v. Morris*, 27 F.3d 1097, 1101-02 (5th Cir. 1994). Moreover, for all allegations made on "information and belief," a plaintiff must state with particularity sufficient facts to support those beliefs.  *ABC Arbitrage*, 291 F.3d at 350; *Financial Acquisition Partners*, 440 F.3d at 287.

12.     A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Plausibility requires fact allegations that "allow for a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 679.   Under *Iqbal*, the court should "identif[y] pleadings that, because they no more than allege conclusions, are not entitled to the assumption of truth."  *Id.*   "[F]ormulaic recitation of the elements of a cause of action" and

---

[4] *See also Southland*, 365 F.3d at 362; *Earle v. Aramark Corp.*, No. 3:03-cv-2960-K, 2005 WL 473675, *2 (N.D. Tex. Feb. 28, 2005) (Kinkeade, J.).

pleadings that offer "labels and conclusions" unsupported by facts are insufficient. *Id*. at 681. The court reviews the "well-pleaded factual allegations" to determine whether they plausibly give rise to a claim. *Id*. at 679. Where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' 'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiffs fail this standard.

**B.      Alleged Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

> **I.      Because the Complaint's Central Allegation About Falsity Do Not Allege Particularized Facts and, Instead, Impermissibly Rely on "Group" Pleadings, the Complaint Should Be Dismissed in its Entirety.**

13.      The Plaintiffs rely almost exclusively on group allegations that fail to specify which Defendant engaged in the alleged conduct and fail to allege particular facts for the underlying causes of action for any of the Defendants. "It is well established that 'general allegations, which do not state with particularity what representations each defendant made, do not meet [the particularity] requirements' of Rule 9(b)." *Biliouris v. Sundance Res., Inc*., 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008) (quoting *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir.1986)(emphasis added)). Allegations that lump all defendants together without segregation of one from another fail to satisfy the requirements of Rule 9(b) and Rule 12(b). *Unimobil 84*, 797 F.2d at 217; *In re Urcarco Securities Litigation*, 148 F.R.D. 561, 569 (N.D. Tex. 1993).

14.      The allegations concerning false statements – the core of Plaintiffs' claims – improperly rely on this tactic of group pleading, requiring Defendants and the Court to unpack a mass of alleged actions and misrepresentations and then piece them together without any hint as to which individual Defendant Plaintiff is referring at any particular point. Plaintiffs fail to provide Defendants or the Court with any actual statements or quoted material by which either could begin to navigate the labyrinth of Plaintiffs' Complaint. Accordingly, the Complaint should be dismissed in its entirety.

15.     Specifically, paragraphs 20 through 59, and "Overt Acts" (i) through (xix) of the Complaint purport to set forth the statements and omissions that misled Plaintiffs. Here, Plaintiffs simply recite a number of actions allegedly taken by Defendants, and claim in conclusory fashion that the alleged actions are part of an "illegal civil conspiracy," without ever explaining why they are false, as required.  To wit:

- "**At various times, Defendants** told **the investors**, or led them to believe, that WP had already laid the groundwork for the transmission of these electricity services…"

- "**Generally speaking, Defendants** described Tesla as something of a marketing company…"

- "**Defendants repeatedly** told Plaintiffs and **other investors** that Wireless Power was the exclusive vehicle to invest…"

- "**From at least January 2015, Defendants** offered and sold securities in the form of membership units…"

- "**Defendants** began raising funds from WP investors **in or about January 2015**."

- "Additionally, the **Defendants falsely represented** the following **either in the Wireless Power PPM** or in **other communications** directly **to investors**…"

- "**Defendants engaged** in a practice and course of business that consisted of making the false statements and omissions of material facts…"

- In addition, **Defendants engaged** in a practice and course of business of misusing investor proceeds…"

16.     These paragraphs contain no "statement[s] alleged to have been misleading." *ABC Arbitrage*, 291 F.3d at 350. As no speaker is alleged, there is no identification of the speaker, and as there is no quoted information, there is no information on when and where a statement was made. Under Fifth Circuit law, this amounts to rank speculation that cannot meet Rule 9(b)'s scrutiny. In addition, in almost all instances, Plaintiffs fail to state when or where any statements were made, which also falls short of the Rule 9(b) standard.

17.     Plaintiffs fail to provide particularized allegations, let alone facts, explaining why these acts were false representations or omissions. Instead, Plaintiffs stack convoluted stories and inflammatory remarks on top of each other, conclude Defendants have engaged in some sort of misconduct, and then ask the Court and Defendants to unpack the allegations and piece together some semblance of a claim. Simply put, the Plaintiffs make sweeping, broad allegations against multiple Defendants without identifying the specific conduct of each Defendant. A careful reading of paragraphs 20 through 59 of the Complaint reveals that Plaintiffs use the term "Defendants" fifty-three (53) times, without a reference to any single, particular Defendant. On this basis alone, the Complaint should be dismissed in its entirety. Plaintiffs' group pleading is glaringly deficient in light of the subsequent dismissal with prejudice of the lead Defendant, Richard Randall.

**II.     The Complaint Avers No Specific Time, Place, or Contents of Any Misstatement or Omission, Much Less a Material One by Any of The Defendants.**

18.     Even if Plaintiffs had sufficiently pleaded falsity, the claims against Defendants would have to be dismissed because Plaintiffs fail to allege particular facts demonstrating that any particular Defendant "made" any alleged false statement. As a result, the lawsuit against Defendants should be dismissed under the Supreme Court's decision in *Janus Capital Group v. First Derivative Traders*, 131 S. Ct. 2296 (2011) ("One 'makes' a statement by stating it. When 'make is paired with a noun expressing the action of a verb, the resulting phrase is 'approximately equivalent in sense' to that verb… The phrase at issue in Rule 10b-5, '[t]o make any … statement,' is thus the approximate equivalent of 'to state'"). Plaintiffs fail to address a single "statement" made by any of the Defendants in both their Original Complaint and First Amended Complaint. Plaintiffs should not be afforded a third chance to correct their mistake.

19.     To survive a Motion to Dismiss, Plaintiffs had to allege – at the very least – particularized facts showing that Defendants made a material misrepresentation or omission with

scienter.[5] *Id.*, 131 S. Ct. at 2301 n.3 (citation omitted). Courts throughout the Fifth Circuit now require securities fraud plaintiffs to allege facts that demonstrate – and not merely conclude – the extent to which each named defendant had official responsibility over the statements; how each named defendant was involved in actually preparing those statements; and that those statements were publicly attributed to each particular defendant. *See Stone v. Life Partners Holdings, Inc.*, 26 F. Supp. 3d 575, 611 (W.D. Tex. 2014). According to the Fifth Circuit, "the PSLRA requires the Plaintiffs to "distinguish among those they sue and enlighten *each defendant* as to his or her part in the potential fraud. *Southland Sec. Corp.* 365 F.3d 353 at 365 (emphasis in original).

20.     In the Complaint's fifty-three (53) references to "Defendants" in paragraphs 20 through 59, Plaintiffs failed to meet this burden. The vague nature in which Plaintiffs refer to all Defendants collectively cannot withstand the PSLRA's requirement that plaintiffs allege "particularized facts". In sum, because Plaintiffs fail to allege any false statements, and the party liable for those statements, Plaintiffs' securities fraud claims against Defendants fail as a matter of law and should be dismissed.

### III.    Because The Complaint Does Not Allege Facts That Support a "Strong Inference" That Defendants Acted With Scienter, the Plaintiffs' Claims Against Defendants Should Be Dismissed.

21.     In addition to Plaintiffs' failure to allege Defendants "made" any false statements, the Complaint fails to plead that any acted with scienter, and thus fails to satisfy both the PSLRA and Fifth Circuit precedent. For this additional reason, Plaintiffs' securities fraud claims against Defendants should be dismissed.

---

[5] Liability cannot be based on the mere assertion that information was not disclosed, *i.e.*, omitted, unless someone made an affirmative, material statement that was rendered materially misleading because it omitted that contradictory information. *See* 15 U.S.C. § 78u-4(b)(1); 17 C.F.R § 240.10b-5(b).

22.     The PSLRA requires plaintiffs to allege particularized facts that raise a "strong inference" that Defendants acted with scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007) (*citing* 15 U.S.C. § 78u-4(b)(2)). In evaluating whether pleaded facts give rise to a strong (*i.e.*, "a powerful or cogent") inference of scienter, the court must "assess all the allegations holistically," following a three-step procedure "geared to the PSLRA's twin goals: to curb frivolous, lawyer-driven litigation, while preserving investors' ability to recover on meritorious claims." *Id.* at 326. As to the first step, the court accepts factual allegations in the pleadings as true; second, the court must review the entire complaint, including documents incorporated by reference and matters of which the court should take judicial notice; and third, the court must consider all plausible inferences, both supporting and opposing a strong inference of scienter. *Id.* at 322–23. "The inference that the defendant acted with scienter need not be irrefutable ... or even the 'most plausible of competing inferences.' ... Yet the inference must be more than merely 'reasonable' or permissible'--it must be cogent, thus strong in light of other explanations." *Id.* at 324.

23.     In the Fifth Circuit, "[t]he required state of mind [for scienter] is an intent to deceive, manipulate, defraud or severe recklessness." *Owens v. Jastrow,* 789 F.3d 529 (5th Cir.2015). The Fifth Circuit has held that "pleading[s] of scienter may not rest on the inference that defendants must have been aware of the misstatement based on their positions with the company." *Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group,* 537 F.3d 527, 535 (5th Cir.2008), *quoting Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 432 (5th Cir.2001). If the plaintiff fails to satisfy this scienter requirement, the district court "shall," on defendant's motion, "dismiss the complaint." *Id.* at 407*, citing* § 78u-4(b)(3).

24.     Because securities fraud claims almost always rely on varying degrees of circumstantial evidence, a securities fraud complaint may survive a motion to dismiss under the PSLRA only if, after reading the well-pleaded accusations of the complaint, a "reasonable person" would draw an "inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs*, 551 U.S. at 324. The Complaint contains no direct allegations regarding any Defendants' state of mind. There are no allegations based on witness statements about how Defendants knew that any of the challenged actions were misleading, nor are there any allegations that evidence any Defendant was aware of inconsistent facts. This lack of evidence alone puts the claims against Defendants on shaky footing.

25.     Instead, Plaintiffs' claims against Defendants appear to be based on vague and speculative theories that rest solely on inflammatory statements made by Plaintiffs in their Complaint.[6] First, it appears that Plaintiffs are asserting that Defendants made materially false and misleading statements and omissions "concerning the investments in [Wireless Power]. (*See* Compl. ¶¶ 28, 29, 31, 33, 35). Plaintiffs' second theory against Defendants appears to be that Defendants misused investments and/or "shell" corporations for their own personal benefit. (*See* Compl. ¶¶ 30, 32, 34, 36). Plaintiffs next allege that none of the Defendants were registered as brokers "during the relevant period." (*See* Compl. ¶¶ 37, 38)

26.     As to the first theory, asserting Defendants made materially false and misleading statements and omissions concerning certain investments does not raise a strong inference of scienter. Plaintiffs appear to be insinuating that each Defendant (again, Plaintiffs do not identify

---

[6] As set forth above, Plaintiffs' allegations are unclear and rely on group pleadings to establish a case. Additionally, the Complaint also requires piecing together how the actions taken/misrepresentations made were with fraudulent intent. Without conceding that this pleading tactic is proper, counsel for Defendants will address what they *think* the Plaintiffs allegations supporting a "strong inference" of scienter. The fact that Defendants have to guess at Plaintiffs' arguments about scienter is a good indication that Plaintiffs have failed to plead a cogent theory that Defendants acted with scienter, under *Tellabs*.

any statements made by Defendants, thus cannot state which Defendant allegedly made any statement) knew or must have known every detail regarding every aspect of the business relationship, including operations, finances, and disclosures. However, Plaintiffs offer no evidence or statements that validate their inference. In fact, from the Complaint, it is difficult to even determine which Defendant was responsible for any particular action, and even more difficult to determine what role Plaintiffs allege each Defendant played in the so-called conspiracy.  This deficiency is only highlighted by Plaintiffs' dismissal of the lead Defendant, Rick Randall.  His alleged actions, statements and omissions must be segregated from those allegedly committed by the other Defendants.

27.     With respect to Plaintiffs' second theory, Plaintiffs urge the Court to infer scienter based on several transfers of funds without providing any context to said transfers. For example, Plaintiffs contend that "[Defendant] Randall either made or participated in … investor fund transfers … contrary to the express terms of the offering documents and contrary to direct representations made by Defendants to Individual Plaintiffs and other investors." (*See* Compl. ¶ 34). Plaintiffs then list four transfers of funds but give no context for these transfers, other than a $150,000 transfer was a bonus and a $19,200 transfer was for introducing investors to Wireless Power. (*See* Compl. ¶ 34). Plaintiffs do not provide the "express terms of the offering documents" or detail any "direct representations made by Defendants" (again, Plaintiffs continue to rely on vague group pleadings). Without context for these alleged transfers, it is impossible to determine whether any Defendant acted with scienter, and even more frustratingly impossible to determine which Defendant is even being accused of such.

28.     Plaintiffs' third theory is even more difficult to address than the previous two, as Plaintiffs simply allege "none of the Defendants was a registered broker *during the relevant period.*

Yet, *during that period*, the Defendants met with and *induced people* to invest and participate in the marketing or sale of securities to *numerous other unsuspecting victims*." (*See* Compl. ¶ 37). It would be difficult to craft a more vague, convoluted allegation than the one included by Plaintiffs in this instance. What is the relevant period? Which people were induced? Who were these "unsuspecting victims"? Which securities were marketed or sold? Without answers to these most basic questions, Defendants are unable to provide a response. Consequently, since Plaintiffs do not answer these basic questions, they are likewise unable to make any inference, let alone a strong inference, that any Defendant acted with scienter.

29.     Further, Plaintiffs' theories, viewed holistically, fail to establish the necessary inference. Viewed together, Plaintiffs are essentially arguing that Defendants, collectively, knew every detail about the actions being taken by all other Defendants, and that the result was a conspiracy. Plaintiffs attempt to throw as many allegations against as many of the Defendants as they can, and seem to believe that the vagueness of their Complaint will somehow amplify its seriousness. No matter how many theories a plaintiff asserts, if they are all based on conclusions and speculation – as opposed to facts, supported by contemporaneous evidence – they fail to support a strong inference of scienter.

30.     Having failed to plead a misstatement, any statement, or any specific omission by any of the Defendants, the Complaint cannot be read to have alleged that any particular Defendant knew of a misstatement intended to mislead the Plaintiffs or "other investors". The Complaint does not plead any motive for the Defendants to deceive Plaintiffs. In fact, the Complaint is bereft of any allegation that would support any inference that the Defendants either deceived Plaintiffs, had any reason to do so, or intended to do so. Without any detail, Plaintiffs boldly assert in conclusory fashion that "[Defendants] made materially false and misleading statements and omissions

concerning the investments in [Wireless Power]." (*See* Compl. ¶ 28). The Court should disregard such conclusory statements. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333 (5th Cir. 2008) ("Simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)).

31.     The Supreme Court's opinion in *Tellabs* delivers the most compelling condemnation of Plaintiffs' Complaint when it requires a "reasonable person," after reading the well-pleaded accusations of the complaint, to draw an "inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." As discussed at length herein, Plaintiffs' Complaint is not well plead. If a "reasonable person" read the accusations contained therein, the most likely reaction would be confusion; certainly not a strong inference of scienter.

32.     In sum, the Complaint fails to plead that Defendants acted with scienter as that term is interpreted in the PSLRA and in Fifth Circuit precedent. Plaintiffs' theories do not establish a "strong inference" that Defendants acted with scienter, either separately or viewed together. Accordingly, Plaintiffs' securities fraud claims against Defendants should be dismissed.

## IV.     The Complaint Avers No Facts Supporting Justifiable Reliance

33.     The Complaint must plead facts and supporting reliance. Reliance cannot be presumed in non-open-market transactions, even in face-to-face transactions. *Feinman v. Dean Witter Reynolds, Inc.*, 84 F. 3d 539 (2d Cir. 1996). Even in open market transactions, the Supreme Court has held that a plaintiff is entitled to a rebuttable presumption of reliance under only two circumstances, both of which are inapplicable here, as the Complaint does not plead an open-market purchase or sale of any security. *Stoneridge v. Scientific-Atlanta*, 169 L. Ed. 2d 627, 128 S. Ct. 761, 769 (2008).

34.     Because the Complaint does not plead an open-market purchase or sale of any security, Plaintiffs must plead facts that demonstrate actual reliance. They do not. As discussed in

great detail, Plaintiffs do not plead that they had actual knowledge of any specific statement made

by any specific Defendant. Accordingly, the Complaint cannot, and does not, plead actual reliance

by Plaintiffs as to the Defendants.

### V. Because Plaintiffs Fail to Plead Loss Causation, the Complaint Should Be Dismissed.

35.     The Complaint should also be dismissed because it fails to plead loss causation. 15

U.S.C. § 78u-4(b)(4); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005). As explained by

the Supreme Court in *Dura*, the federal securities laws operate "not to provide investors with broad

insurance against market losses, but to protect them against those economic losses that

misrepresentations actually cause." 544 U.S. at 345. Thus, the Court held that the PSLRA requires

that plaintiffs allege that the defendants' misrepresentations caused the loss for which the plaintiffs

seek to recover. *Congregation of Ezra Sholom v. Blockbuster, Inc.*, 504. F. Supp. 2d 151, 165

(N.D. Tex. 2007); *Ludlow v. BP, P.L.C.*, 800 F. 3d 674, 688 (5th Cir. 2015). Plaintiffs must prove

that the misstatements—not "other intervening causes, such as 'changed economic circumstances,

changed investor expectations, new industry-specific or firm-specific facts, conditions, or other

events' "—were the cause of their claimed economic injury, unaided by any presumptions

attending efforts to prove transaction causation. *Dura*, 544 U.S. at 342-43. That means that

Plaintiffs must prove (or, here, plead) that a misstatement or misstatements by a specific Defendant

caused Plaintiffs' loss.

36.     Again, as discussed at length above, Plaintiffs make no effort to allege any specific

false statement by any specific Defendant upon which any Plaintiff reasonably relied, that in turn

caused Plaintiffs' loss. Furthermore, Plaintiffs do not even sufficiently plead a loss at all. Upon a

reading of the Complaint, Defendants cannot accurately determine what amount of money

Plaintiffs allege they invested in WP. Consequently, Plaintiffs' failure to plead loss causation is yet another fatal error in the Complaint, and as such should be dismissed.

### C.      The Complaint Fails to Plead a Claim Under Section 20(a).

37.      Because the Complaint does not adequately allege an underlying primary violation, as set forth in Section B above, all of the § 20(a) control person claims should be dismissed. *Spitzberg v. Houston American Energy Corporation*, 758 F.3d 676 (5th Cir.2014). The § 20(a) claim against Defendants must also be dismissed for failure to plead the Defendants acted to "induce the act or acts constituting the violation or cause of action." 15 U.S.C. § 78t. At best, Plaintiffs' control allegations against Defendants are based on the same allegations Plaintiffs rely on to establish that Defendants "made" alleged false statements or misrepresentations. For the reasons set forth above in Section C, these allegations are conclusory and insufficient as a matter of law to establish control person liability. Accordingly, the Section 20(a) claims against Defendants should be dismissed.

### D.      Because There is No Private Right of Action Under Section 15(a)(1) of the Exchange Act, the Plaintiffs' Claims Against Defendants Should Be Dismissed.

38.      Plaintiffs' third claim seeks to hold Defendants liable for offering and selling securities by an unregistered broker-dealer in violation of Exchange Act Section 15(a). Once again, however, Plaintiffs' claims suffer from fatal defects. Specifically, Plaintiffs fail to identify any statutory basis for (a) a private right of action, or (b) a remedy, even assuming this provision was violated. Section 15(a) of the Exchange Act does not provide for any private right of recovery or remedy. Therefore, these claims are subject to dismissal.

39.      Additionally, even were the Court to consider Plaintiffs' third claim as presented, their 15(a)(1) allegation would require dismissal under Rule 12(b)(6), as Plaintiffs have failed to adequately allege that any Defendant, much less any specific Defendant, qualifies as a person

engaged in the business of effecting transaction in securities for the account of others, and, therefore, fails to state a claim that Defendants operated as unregistered broker-dealers. *See* 15 U.S.C. § 78c(a)(4).

**E.     Because Plaintiffs Have Failed to Plead that Defendants Made Untrue Statements of Material Fact Under the Texas Securities Act (TSA), their Rescission Claims Must Fail**

40.     Article 581-33(A) differs in significant respects from § 10(b) in that it does not require reliance by the purchaser on the seller's material misrepresentation or omission. *Weatherly v. Deloitte & Touche*, 905 S.W.2d 642, 649 (Tex. App. 1995, writ dism'd w.o.j.) ("[T]he focus under the Texas Securities Act is on the conduct of the seller or issuer of securities, i.e., whether they made a material misrepresentation, not on the conduct of individual buyers."). Nor does the plaintiff have to demonstrate scienter under the TSA, although courts have held that intent or scienter is an element of a claim under Art. 581-33 for an untrue promise of future performance. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 33-44 (5th Cir. 2008).

41.     As with the Exchange Act, "statements of opinion, including opinions about a security's value, are generally not actionable under [the TSA]." *Murphy v. Reynolds*, 2011 WL 4502523, at *8 (Tex. App. Sept. 29, 2011, no pet.) (mem. op.). Moreover, "[b]ecause the [TSA] is so similar to the federal [Exchange Act], Texas courts look to decisions of the federal courts to aid in the interpretation of the [TSA]." *Grotjohn Precise Connexiones Int'l, S.A. v. JEM Fin., Inc.*, 12 S.W.3d 859, 868 (Tex. App. 2000, no pet.).

42.     To the extent Plaintiffs base their TSA claims on statements reflecting Defendants' personal opinions, beliefs about the future, or projections of future performance, Plaintiffs have again failed to plausibly plead that Defendants made an "untrue statement of material fact," as required by the TSA. Again, the core of the issue is Plaintiffs have failed to even allege one, single untrue statement made by any individual Defendant.

43.     Because Plaintiffs' state claims are based on the same set of alleged facts and circumstances as those alleged under federal law, they are subject to these same pleading requirements. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules"). Therefore, in the Fifth Circuit, Rule 9(b) is applied "with force, without apology." This standard subjects Plaintiffs' claims to dismissal.

**F.     Because Plaintiffs Use Impermissible Group Pleadings in Their Claim For Conspiracy to Defraud, It Must Be Dismissed.**

44.     Finally, the Court should dismiss Plaintiffs' conspiracy claim under Rule 9(b) because it contains fraud averments that do not comply with the Rule's pleading requirements. *Borsellino v. Goldman Sachs Group, Inc*. 47F.3d 502 (7th Cir. 2007). Even if the Court does not do so, however, the claim nonetheless must fail because Plaintiffs again resort to impermissible group pleading – lumping all Defendants together without differentiating their conduct. *See Owens*. 789 F.3d at 537-38 (citing *Southland* 365 F.3d at 365). Specifically, Plaintiffs allege, for example, that "Defendants conspired with each other," "established by Defendants to perpetrate the fraud," "Defendants would create a circuitous procedure," and "Defendants entered into an agreement for an unlawful purpose." (*See* Compl. ¶ 54, 55, 56, 60). In short, Plaintiffs' allegations fall short of what is needed to sustain a conspiracy claim.

45.     Additionally, claims that "sounds in fraud"—one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Although not an explicit fraud claim, Plaintiffs' fifth claim is based on Defendants' purportedly fraudulent sale of securities to Plaintiffs. In other words, the root of Plaintiffs' claims is a fraud allegation, which implicates the heightened pleading standards. See *id*. ("Although claims of interference with economic

advantage, interference with fiduciary relationship, and civil conspiracy are not by definition fraudulent torts, Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations.") Accordingly, the Plaintiffs' conspiracy to defraud claims against Defendants should be dismissed.

## IV.
## CONCLUSION

46.     "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief...." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir.2006), *cert. denied*, 549 U.S. 825, 127 S. Ct. 181, 166 L.Ed.2d 43 (2006) (emphasis added). Plaintiffs do not simply fail one prong of the test to determine if Defendants engaged in securities fraud, Plaintiffs fail on every prong. If after reading the Complaint the Court cannot determine with certainty which individual said what, when and where and how each such statement is materially false, the Court must dismiss the Complaint. All of Plaintiffs' additional claims fall short of the Rule 9(b) standard, and fail on numerous alternate grounds as well. Because Plaintiffs have already had two chances to plead their claims, allowing further amendment would be futile. For the foregoing reasons, Defendants respectfully request the Complaint be dismissed in its entirety, with prejudice.

Dated: November 22, 2107

Respectfully submitted,

/s/ Darrell D. Minter
Darrell D. Minter
State Bar No. 14189400
Eli D. Pierce
State Bar No. 24092972

UNDERWOOD PERKINS, P.C.
Two Lincoln Centre
5420 LBJ Freeway, Suite 1900

Dallas, Texas 75240
Phone: (972) 661-5114
Fax:    (972) 661-5691
Email: dminter@uplawtx.com
Email: epierce@uplawtx.com

Attorneys for Defendant Charles "Skip" Shaw


/s/ Scott Garelick
Scott Garelick
State Bar No. 24029053

EXALL & WOOD, PLLC
3838 Oak Lawn Avenue, Suite 1750
Dallas, Texas 75219
Phone: (469) 691-6510
Fax:    (469) 691-6511
Email: sgarelick@exallwood.com

Attorney for Defendant Michael K. Wilson


/s/ Kirte Kinser
Kirte M. Kinser
State Bar No.11489650
Andrew N. Soule
State Bar No. 00797474

FISHMAN JACKSON RONQUILLO
13155 Noel Road, #700, LB 13
Dallas, Texas 75240
Phone: (972) 419-5500
Fax:    (972) 419-5501
Email: kkinser@fjrpllc.com
Email: asoule@fjrpllc.com

Attorneys for Defendant Don Harris

/s/ Brett Myers
Brett Myers
State Bar No. 00788101

WICK PHILLIPS, LLP
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Phone: (214) 692-6200
Email: Brett.myers@wickphillips.com

Attorney for Robert Luna

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing pleading has been electronically filed in the above captioned case with the Clerk of the United States Court by using the CM/ECF system and copies were served on the following parties:

Date: November 22, 2017

S. Cass Weiland
Robert A. Hawkins
Squire Patton Boggs LLP
2000 McKinney Avenue, Suite 1700
Dallas, Texas 75201
cass.weiland@squirepb.com
robert.hawkins@shuirepb.com

Rose L. Romero
Law Offices of Romero Kozub
235 N.E. Loop 820, Suite 310
Hurst, Texas 76053
rose.romero@romerokozub.com

Attorneys for Plaintiffs Terry Knutson,
Donal Barry, and Wireless Power, LLC

/s/ Darrell D. Minter
Darrell D. Minter