## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TERRY KNUTSON, et al.,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| **v.** | § | |
| | § | **CASE NO. 3:17-CV-02618-M** |
| **DON HARRIS, CHARLES SHAW,** | § | |
| **MICHAEL K. WILSON, and** | § | |
| **ROBERT LUNA** | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANTS DON HARRIS, CHARLES SHAW, MICHAEL K. WILSON, AND ROBERT LUNA'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

Defendants Don Harris, Charles Shaw, Michael K. Wilson, and Robert Luna (collectively, "Defendants"), by and through their undersigned counsel, file this Reply to Plaintiffs' Response to Defendants' Motion to Dismiss Second Amended Complaint with Prejudice ("Response") and respectfully show the Court as follows:

### BACKGROUND

On September 25, 2017, Plaintiffs filed their Original Complaint ("Original Complaint") against Defendants. On October 23, 2017, Plaintiffs' filed their First Amended Complaint ("FAC"), and in this iteration, included Wireless Power, LLC ("WP") as a named Plaintiff.[1] On November 8, 2017, Plaintiffs dismissed Defendant Rick Randall with prejudice. [*See* Document 14, Stipulation of Dismissal with Prejudice of Defendant Richard Randall]. On

---

[1] In the Complaint, Plaintiffs' reference the Wireless Power private placement memorandum ("PPM"), *a document that was drafted and distributed by Plaintiff Wireless Power*. In ¶ 25 of the Complaint, Plaintiffs allege Defendants "promoted and marketed the membership units via a private placement memorandum … which they wrote or were responsible for…" Not only is this an egregious misstatement, it also attempts to glaze over the glaring conflict of interest present in this case, where a named Plaintiff played an integral part in the alleged "fraud" and "conspiracy" touted by Plaintiffs.

November 22, 2017, Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint and on December 18, 2017, this Court granted Plaintiffs' Motion for Leave to File Second Amended Complaint. Defendant filed their Second Amended Complaint ("SAC") on December 18, 2017. On January 2, 2018, Defendants filed their Motion to Dismiss Plaintiffs' Second Amended Complaint for Failure to State a Claim, and on January 12, 2018, Plaintiffs filed their Response.

## STATEMENTS IN PLAINTIFFS' RESPONSE

When a court rules on a 12(b)(6) motion, the court is limited to consider the actual contents of the pleadings on file and any documents either attached or incorporated by reference into a complaint. *See Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000). Plaintiffs may not amend a complaint in response to a motion to dismiss. *Lohr v.* Gilman, 248 F.Supp.3d 796, 810 (N.D.Tex. 2017). Review of a Rule 12(b)(6) dismissal is, by its very nature, limited to the allegations, theories, and facts set forth in the complaint. *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed.Appx. 790, 793 (5th Cir. 2014) (unpublished); *Powell v. Dallas Morning News LP*, 610 F.Supp.2d 569, 577 (N.D. Tex. 2009) (holding that a court may not consider statements or allegations in a response filed by the plaintiffs). This means that a court is limited to consideration of the pleadings, and matters or theories raised in a response are not part of the pleadings.

In their Response, Plaintiffs' are attempting to take a fourth bite at the apple, while simultaneously requesting this Court grant them a fifth in case their claims are found wanting. This Court granted Plaintiffs leave to file their SAC after Defendants thoroughly detailed the shortcomings of Plaintiffs' FAC. Plaintiffs squandered this opportunity by submitting a pleading that, as Defendants have pointed out in their January 2, 2018 Motion to Dismiss, falls substantially

short of the specificity required by Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

In the Response, Plaintiffs state, "these allegations clearly identify of [sic] the time, place, **and nature of fraudulent behavior** and each Defendant's relationship thereto, as required by Rule 9(b)" (Plaintiffs' Response, p. 9) (emphasis added). However, as acknowledged by Plaintiffs, "[i]n cases alleging fraud, Fed. R. Civ. 9(b) requires 'a plaintiff … to specify **the statements contended to be fraudulent,** identify the **speaker,** state when and where **the statements were made,** and explain **why the statements were fraudulent**" (Plaintiffs' Response, p. 4) (emphasis added). Plaintiffs continue to rely on the idea of "fraudulent behavior" and stubbornly refuse to provide Defendants or this Court with any actual statements made by any of the Defendants. Rule 9(b) does not contemplate fraudulent behavior, nor does it state that fraudulent behavior is a sufficient replacement for fraudulent statements in a claim for relief in compliance with Rules 9(b), 12(b)(6) and the PSLRA.

As Plaintiffs' Response, in effect, acts as a third amended complaint, and all but admits that Plaintiffs cannot produce any actual statements made by any of the Defendants, Defendants request that this Court limit its review of Defendants' motion for Rule 12(b)(6) dismissal to the allegations, theories, and facts set forth in the SAC and that this Court dismiss this case with prejudice.

## CONCLUSION

Plaintiffs' Response attempts to persuade this Court by asserting facts, theories, and allegations regarding fraudulent behavior not found in their previous pleadings. Moreover, fraudulent behavior does not rise to meet the strict pleading requirements of Rule 9(b), 12(b)(6) and the PSLRA. The time for Plaintiffs to present any actual, fraudulent statements made by

Defendants would have been in any one of their previous three (3) complaints. Defendants find these actions by Plaintiffs to be disappointing, especially after Defendants, in their November 22 Motion to Dismiss, gave Plaintiffs an outline on the requirements missing from all of their pleadings. Plaintiffs Response is an inappropriate and unsuccessful effort to correct their mistakes, and as such, Defendants respectfully request that this Court limit its review of Defendants' motion for Rule 12(b)(6) dismissal to the allegations, theories, and facts set forth in the SAC. Defendants believe that if this Court does so, it will find Plaintiffs SAC does not meet the pleading requirements of Rules 9(b) and 12(b)(6) and the PSLRA, and should therefore be dismissed with prejudice.

Dated: January 24, 2018

Respectfully submitted,

/s/ Darrell D. Minter
Darrell D. Minter
State Bar No. 14189400
Eli D. Pierce
State Bar No. 24092972

UNDERWOOD PERKINS, P.C.
Two Lincoln Centre
5420 LBJ Freeway, Suite 1900
Dallas, Texas 75240
Phone: (972) 661-5114
Fax:     (972) 661-5691
Email: dminter@uplawtx.com
Email: epierce@uplawtx.com

Attorneys for Defendant Charles "Skip" Shaw

/s/ Scott Garelick
Scott Garelick
State Bar No. 24029053

EXALL & WOOD, PLLC
3838 Oak Lawn Avenue, Suite 1750
Dallas, Texas 75219
Phone: (469) 691-6510
Fax:    (469) 691-6511
Email: sgarelick@exallwood.com

Attorney for Defendant Michael K. Wilson

/s/ Andrew N. Soule
Andrew N. Soule
State Bar No. 00797474
Kirte M. Kinser
State Bar No.11489650

FISHMAN JACKSON RONQUILLO
13155 Noel Road, #700, LB 13
Dallas, Texas 75240
Phone: (972) 419-5500
Fax:    (972) 419-5501
Email: kkinser@fjrpllc.com
Email: asoule@fjrpllc.com

Attorneys for Defendant Don Harris

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the foregoing pleading has been electronically filed in the above captioned case with the Clerk of the United States Court by using the CM/ECF system and copies were served on the following parties:

Date: January 18, 2018

> S. Cass Weiland
> Robert A. Hawkins
> Squire Patton Boggs LLP
> 2000 McKinney Avenue, Suite 1700
> Dallas, Texas 75201
> cass.weiland@squirepb.com
> robert.hawkins@shuirepb.com
>
> Rose L. Romero
> Law Offices of Romero Kozub
> 235 N.E. Loop 820, Suite 310
> Hurst, Texas 76053
> rose.romero@romerokozub.com
>
> Attorneys for Plaintiffs Terry Knutson,
> Donal Barry, and Wireless Power, LLC

/s/ Eli D. Pierce
Eli D. Pierce